GRABER, Circuit Judge,
dissenting:
I respectfully dissent.
Even taking all facts in the light most favorable to Plaintiffs, a reasonable officer in Gamblin’s circumstances could not have known that it would be deliberate indifference to fail to prevent an attack that occurred months later in a different, less secure facility. Deliberate indifference requires that a prison official “know of and disregard[ ] excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.” Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).
Here, Lucero was not attacked in the facility in which Gamblin worked. As the majority recognizes, Lucero was housed there safely, in a single cell and with limited contact with other inmates. It is undisputed that Gamblin documented Lucero’s concerns in a report to his supervisor and *668 that Lucero was not harmed at that facility. Rather, Lucero was not attacked until months after his interaction with Gamblin, and only after being transferred to a less secure facility. There is no evidence that Gamblin knew of the possibility that Luce-ro would be transferred and no evidence that Gamblin was involved in the transfer process in any way.
We require that prison officials act in the face of a known future risk to prisoners, Farmer, 511 U.S. at 837, 114 S.Ct. 1970, but we also require, at the very least, that the risk be known, Lemire v. Cal. Dep’t of Corr. & Rehab., 726 F.3d 1062, 1077-78 (9th Cir.2013); see id. at 1078 (“Plaintiffs must demonstrate that the risk was obvious or provide other circumstantial or direct evidence that the prison officials were aware of the substantial risk to the [prisoner’s] safety.”). In order to hold Gamblin liable we must hold that he reasonably knew that his failure to notify the Shift Commander of Lucero’s concerns would lead to Lucero’s being transferred, and being transferred to a less secure facility, to which Lucero would not object, where Lucero would be exposed to his enemies. Perhaps the Department or some other defendant might be liable, but Gamblin, even assuming a deliberate or hostile state of mind, could not have foreseen this highly speculative future risk. Because no genuine issue of material fact exists as to whether Gamblin knew of the risk that Lucero might be transferred to a less secure facility and might be attacked at that other facility, Gamblin is entitled to qualified immunity.